UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.   20-CV-24487-HUCK

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

APPROXIMATELY $9,854,646.81 SEIZED FROM WELLS
FARGO ADVISORS ACCOUNT NUMBER 3700-8508 IN THE
NAME OF KRONOS ENTERPRISES CORP.; et al.,

    Defendants in rem,

LEO D'AMATO BUONSENNO,

    Claimant,

NATALINO D'AMATO,

    Claimant.

_____/

### CLAIMANT LEO D'AMATO BUONSENNO'S RESPONSE
### TO SUPPLEMENTAL FILING FOR NOTICE OF RELATED ACTION

Although the Government now agrees that the cases are related "in the colloquial sense," it still claims that they are not related under the rules. We file this Response to the Government's Supplemental Filing so that the Court has all of the pertinent information. (Natalino D'Amato joins Leo's notice and response).

The Government's first point is that because the motions in the other cases have been resolved, "those matters are no longer 'pending.'" Gov't Supp. at 2.   Perhaps those motions are "no longer pending" now, but they were pending at the time the Government

filed this matter on October 30. The Civil Cover Sheet to the Verified Complaint in this case asked whether there were any related cases. D.E. 1-1. The Government did not answer this question even though on that date, the cases before Magistrate Judge Otazo-Reyes were open and pending. They were not closed until November 3. Therefore, the Government should have checked "yes" on the civil cover sheet and informed this Court of the pending, related cases.

Even if there are technically no pending cases, Local Rule 3.8 still obligates attorneys to notify the Court regarding similar actions. It instructs that there is a continuing duty to the attorneys of this action to promptly inform the Court not just of "similar actions or proceedings then pending before another court or administrative agency" as the Government says in its partial quote of the rule, but also of "the existence of other actions or proceedings as described in Section 2.15.00 of the Court's Internal Operating Procedures." S.D. Fla. L.R. 3.8. Internal Operating Procedure 2.15.00 describes a similar action as one "which involves subject matter which is a material part of the subject matter of another action or proceeding then pending before this Court, or for other reasons the disposition thereof would appear to entail the unnecessary duplication of judicial labor if heard by a different Judge." IOP 2.15.00. [1]

---

[1] In other forfeiture actions in this District, the Government has noticed the Court of a related criminal proceeding arising out of the same facts. *See, e.g., United States v. 1984 Cessna Citation II Jet Aircraft,* 19-CV-62616-Altman and *United States v. Grieco*, 19-CR-60280-CMA. Although the related matter here involves the seizure warrant, the same principle applies.

Pursuant to the local rule and the Court's Internal Operating Procedures, this case and case numbers 19-MJ-02231-to-02237-AOR are related actions because: (1) The facts in the Government's Verified Complaint, D.E. 1, are taken from the facts of pleadings in the related cases; (2) The Government's bases for civil forfeiture are the same as those asserted in the related cases; (3) The funds at issue are the same as those in the related cases; (4) Magistrate Judge Otazo-Reyes thoroughly reviewed the pleadings of the related cases, took action on the pleadings, and held contested hearings on the similar matters – over a period of a year and a half; and (5) this case involves the same claimants and same lawyers as the related cases.

The fact that the pleadings are sealed does not affect the analysis of whether the proceedings are related. *See Green Development Corporation,* 2016 WL 2745844, at 5 ("The fact that court records in related proceedings are sealed does not preclude a litigant from revealing the mere pendency of those proceedings without disclosing anything more.").

The cases were pending at the time the Government filed its Complaint, requiring notice to the Court. Even if the cases weren't pending, we believe that the Rules required us to notify the Court of the related matters that were heard by Magistrate Judge Otazo-Reyes.

WHEREFORE, we respectfully give notice of this related action so that the Court can take any action it deems appropriate.

      Respectfully submitted,

**MARKUS/MOSS PLLC**
40 N.W. Third Street
Penthouse One
Miami, Florida 33128
Tel: (305) 379-6667
Fax: (305) 379-6668
markuslaw.com

By:   /s/ David Oscar Markus
      DAVID OSCAR MARKUS
      Florida Bar Number 119318
      dmarkus@markuslaw.com

      /s/ A. Margot Moss
      A. MARGOT MOSS
      Florida Bar Number 091870
      mmoss@markuslaw.com

      /s/ Todd Yoder
      TODD YODER
      Florida Bar Number 71263
      tyoder@markuslaw.com