UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.   20-CV-24487-HUCK

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

APPROXIMATELY $9,854,646.81 SEIZED FROM WELLS FARGO ADVISORS ACCOUNT NUMBER 3700-8508 IN THE NAME OF KRONOS ENTERPRISES CORP.; et al.,

    Defendants in rem,

LEO D'AMATO BUONSENNO,

    Claimant,

NATALINO D'AMATO,

    Claimant,

KRONOS ENTERPRISES CORPORATION,

    Claimant.

_____/

## ANSWER AND AFFIRMATIVE DEFENSES

    Claimants Natalino D'Amato, Leo D'Amato Buonsenno, and Kronos Enterprises Corp. answer the Verified Complaint for Forfeiture *In Rem* as follows:

    1.    Deny that the funds on deposit in the Defendant Accounts constitute proceeds of foreign bribery offenses, property involved in money laundering or a conspiracy to commit money laundering, or property traceable to such property.

Aver that the funds in the Deposit Accounts result solely from legitimate and legal business activity.  Aver that the correct account number for Defendant Account 1 is 2700-8508 (not 3700-8508).  Aver that Defendant Account 5 is in the name of Natalino D'Amato and Leo Jose D'Amato Buonsenno (not solely Natalino D'Amato).  Aver that Defendant Account 6 is in the name of Natalino D'Amato and Leo Jose D'Amato Buonsenno (not solely Leo Jose D'Amato).  Otherwise admit the allegations of Paragraph 1.

2. Admit the allegations of Paragraph 2.

3. Admit the allegations of Paragraph 3.

4. Admit the allegations of Paragraph 4.

5. On information and belief, admit the allegations of Paragraph 5.

6. On information and belief, admit the allegations of Paragraph 6.

7. Deny that Natalino D'Amato is a citizen of Venezuela.  Otherwise admit the allegations of Paragraph 7.

8. Deny that Alpha Energy de Venezuela C.A. sold goods or services to any PDVSA Subsidiaries.  Otherwise admit the allegations of Paragraph 8.

9. Admits that for a period of time, Leo D'Amato Buonsenno held the position of Vice President of Vemeca because he inherited the shares when his mother died.

10. Deny that Kronos was incorporated in St. Kitts and otherwise admit the allegations of Paragraph 10.

11. Without knowledge as to the allegations of Paragraph 11.

12. Without knowledge as to the allegations of Paragraph 12.

13. Deny the allegations of Paragraph 13.

14. Deny the allegations of Paragraph 14.

15. Admit the allegations of Paragraph 15.

16. Deny the allegations of Paragraph 16.

17. Deny the allegations of Paragraph 17.

18. Deny the allegations of Paragraph 18.

19. Deny the allegations of Paragraph 19.

20. Deny the allegations of Paragraph 20.

21. Deny the allegations of Paragraph 21.

22. Deny the allegations of Paragraph 22.

23. Deny the allegations of Paragraph 23.

24. Admit the allegations of Paragraph 24.

25. Aver that Paragraph 25 is a statement of law for which no answer is required.

26. Aver that Paragraph 26 is a statement of law for which no answer is required.

27. Aver that Paragraph 27 is a statement of law for which no answer is required.

28. Aver that Paragraph 28 is a statement of law for which no answer is required.

29. Aver that Paragraph 29 is a statement of law for which no answer is required.

30. Aver that Paragraph 30 is a statement of law for which no answer is required.

31. Aver that Paragraph 31 is a statement of law for which no answer is required.

32. Repeat and reallege the answers to Paragraphs 1-31 as set forth above.

33. Deny the allegations of Paragraph 33.

34. Deny the allegations of Paragraph 34.

35. Repeat and reallege the answers to Paragraphs 1-31 as set forth above.

36. Deny the allegations of Paragraph 36.

37. Deny the allegations of Paragraph 37.

38. Repeat and reallege the answers to Paragraphs 1-31 as set forth above.

39. Deny the allegations of Paragraph 39.

40. Deny the allegations of Paragraph 40.

## AFFIRMATIVE DEFENSES

1. The forfeiture sought by the Government is excessive under the Eighth Amendment of the United States Constitution and 18 U.S.C. § 983(g).

2. There is no substantial connection between the Defendant Accounts and any alleged criminal offense as required by 18 U.S.C. § 983(c)(3).

3. The Innocent Owner Defense set forth in 18 U.S.C. § 983(d) precludes forfeiture of the Defendant Accounts.

4. Claimants are entitled to immediate return of the Defendant Accounts because the continued possession by the Government pending the final disposition of forfeiture proceedings will cause substantial hardship to the Claimants by preventing the functioning of Claimants' businesses, as contemplated by 18 U.S.C. § 983(f).

5. Because the Government held the funds without initiating this Complaint for 21 months, Due Process requires return of the funds.

6. The doctrine of laches precludes the Government's claim and requires that the Defendant Accounts be returned to the Claimants.

7. The Government failed to adequately describe that the funds in the Defendant Accounts were involved in a transaction or attempted transaction in violation of 18 U.S.C. §§ 1956 and 1957.

8. The funds in the Defendant Accounts constitute legitimate contract payments due for work performed under legally obtained contracts.

Respectfully submitted,

**MARKUS/MOSS PLLC**
40 N.W. Third Street
Penthouse One
Miami, Florida 33128
Tel: (305) 379-6667
Fax: (305) 379-6668
markuslaw.com

By: /s/ David Oscar Markus
DAVID OSCAR MARKUS
Florida Bar Number 119318
dmarkus@markuslaw.com

/s/ A. Margot Moss
A. MARGOT MOSS
Florida Bar Number 091870
mmoss@markuslaw.com

/s/ Todd Yoder
TODD YODER
Florida Bar Number 71263
tyoder@markuslaw.com